IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

NATHAN NELSON,

        Plaintiff,

v.                                            CIVIL ACTION NO. 2:23-cv-00543

AARON SHREWSBURY, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

I. Introduction

Pending before the court is a Motion to Set Aside Default [ECF No. 12] filed by Defendant Aaron Shrewsbury. Plaintiff did not file a response opposing this motion, and the time to file a response has now passed. For the reasons discussed below and with no objection appearing, Defendant Shrewsbury's motion is **GRANTED**, and the entry of default is **SET ASIDE**.

II. Background

Plaintiff commenced this civil action on August 11, 2023, by filing a complaint against law enforcement officer Aaron Shrewsbury, individually, and the City of Mount Hope, a political subdivision of the State of West Virginia. [ECF No. 1]. The complaint alleges that Defendant Shrewsbury retaliated against Plaintiff for exercising his First Amendment rights and used excessive and violent force against Plaintiff, under color of state law, during Plaintiff's arrest on August 15, 2021. *Id.* at

¶¶ 15, 23–27. Plaintiff also brought a Monell claim against the City of Mount Hope, claiming that the City engaged in "insufficient or incorrect hiring, policies, training, and practice, [and] create[ed] a pattern, practice and policy of civil rights violations." *Id.* at ¶ 35.

The City of Mount Hope waived service of process on August 28, 2023, [ECF No. 4], and timely filed its answer on October 13, 2023, [ECF No. 14]. Defendant Shrewsbury was served on September 11, 2023, [ECF No. 7], with an answer due by October 2, 2023. On October 3, 2023, I ordered the Clerk to enter default against Defendant Shrewsbury for failure to answer by the deadline. [ECF No. 8]. The Clerk entered a default on that same date. [ECF No. 10].

Also on October 3, 2023,—but after the clerk had entered the default— Defendant Shrewsbury filed an answer to the complaint. [ECF No. 11]. Defendant Shrewsbury then filed a Motion to Set Aside Default, [ECF No. 12], on October 10, 2023, arguing that:

> (1) It is unjust under the circumstances to enforce default against the Defendant[ ]; (2) Plaintiff will suffer no prejudice from being required to pursue this case on the merits; (3) the Defendant has meritorious defenses that he should be permitted to assert; (4) the Defendant has a significant interest at stake in this matter; (5) the Defendant has acted promptly upon learning of the default; and (6) good cause exists for setting aside the default against this Defendant.

*Id.* at 1. Plaintiff filed no response to this motion, and the deadline to do so has passed.

### III. Legal Standard

Rule 55(c) of the Federal Rules of Civil Procedure states that a court "may set aside entry of default for good cause." In assessing a motion to set aside an entry of default, a district court is to consider (1) whether the moving party has a meritorious defense to the action; (2) whether the moving party acted with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) any unfair prejudice to the non-moving party; (5) whether there is a history of dilatory action; and (6) the availability of sanctions less drastic. *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006).

The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton*, 616 F.3d at 417; *see Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969) (stating that "any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits"). As such, the "good cause" standard for setting aside an entry of default pursuant to Rule 55(c) is less onerous than the "excusable neglect" standard for setting aside a default judgment pursuant to Rule 60(b). *Colleton*, 616 F.3d at 420.

### IV. Discussion

Defendant Shrewsbury first argues that he "was under the impression a stipulation was to be filed and no answer was due until requested by the parties" and

3

that "[n]o parties moved for default on Defendant Shrewsbury based on the stipulation between them." [ECF No. 12, at 2]. However, no stipulation was ever filed in the case, and the deadline to file an answer remained October 2, 2023. I will, therefore, proceed to the merits of Defendant Shrewsbury's motion.

### a. Meritorious Defense

The first *Payne* factor—whether the moving party has presented a meritorious defense—weighs against setting aside the entry of default. To find a meritorious defense, "the defaulting party must proffer evidence which, if believed, would permit the factfinder to find for the defaulting party after a trial on the merits, or would establish a valid counterclaim." *Burton v. TJX Cos.*, No. 3:07-CV-760, 2008 WL 1944033, at *3 (E.D. Va. May 1, 2008) (citing *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988)). The party cannot rely on conclusory statements but instead must allege facts that support the existence of such a defense. *Id.*

Here, Defendant Shrewsbury has failed to articulate any meritorious defense. His motion merely alleges in a conclusory fashion that he has a meritorious defense, but he provides no details of what that defense might be. Accordingly, the court finds this factor weighs against setting aside the entry of default.

### b. Reasonable Promptness

Whether a party has acted reasonably promptly to set aside an entry of default must be determined "in light of the facts and circumstances of each occasion . . . ."

*United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). Moving parties have been found by district courts in this circuit to have acted with reasonable promptness where the period between default and a motion to set aside is at or under approximately one month. *See, e.g., United States v. $10,000.00 in U.S. Currency*, No. 1:00-cv-0023, 2002 WL 1009734, at *3 (M.D.N.C. Jan. 29, 2002) (seventeen days); *Esteppe v. Patapsco & Back Rivers R.R. Co.*, No. H-00-3040, 2001 WL 604186, at *4 (D. Md. May 31, 2001) (twenty-one days); *Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001) (thirty-two days). Conversely, the Fourth Circuit has held that a movant "did not act promptly" by filing a motion to set aside an entry of default approximately two and one-half months after the default was entered. *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).

In this case, defense counsel "was first alerted to the existence of the subject Complaint on September 28, 2023,"—only two business days before the answer deadline. [ECF No. 13, at 1]. Default was entered by the Clerk on October 3, 2023, [ECF No. 10], and Defendant Shrewsbury's answer was filed later that same day, [ECF No. 11]. Further, Defendant Shrewsbury filed the instant motion to set aside the default only one week later on October 10, 2023. [ECF No. 12]. Because the time between default and Defendant Shrewsbury's motion was only one week—well within the contours of a reasonable period outlined by other courts in this circuit—I find that

Defendant Shrewsbury acted with reasonable promptness in filing his motion. This factor weighs in favor of setting aside the entry of default.

### c. Personal Responsibility of the Defaulting Party

The court finds that the personal responsibility factor weighs in favor of setting aside the entry of default. "[T]he Fourth Circuit has recognized that attorney inaction—without some sort of attendant fault of the defendant, personally—leads to a finding of no *personal* responsibility of the defaulting party." *Pearson v. Giles Indus., Inc.*, No. 3:13-19629, 2013 WL 6048714, at *2 (S.D. W. Va. Nov. 13, 2013) (emphasis in original). Here, there is no indication that Defendant Shrewsbury himself was at all responsible for the entry of default.

Defendant Shrewsbury was served with this lawsuit on September 11, 2023. [ECF No. 7]. He claims that between this date and the date that the answer was to be filed, the parties had agreed to delay the answer deadline by stipulation. [ECF No. 13, at 2]. Plaintiff has failed to respond to either this Court's order directing the entry of default or the instant motion and thus has not provided any evidence to suggest that Defendant Shrewsbury bears any personal responsibility for his failure to respond by the deadline. I, therefore, find that this factor weighs in favor of Defendant Shrewsbury.

### d. Prejudice to Non-movant

The non-defaulting party bears the burden of showing prejudice. *Combustion Sys. Sales, Inc. v. E. Metal Prods. & Fabricators, Inc.*, 112 F.R.D. 685, 691 (M.D.N.C.

6

1986). Here, the Plaintiff has not filed a response indicating any prejudice, and the court does not find that Plaintiff will be prejudiced if the default is set aside. "In the context of a motion to set aside an entry of default, . . . delay in and of itself does not constitute prejudice to the opposing party." *Colleton*, 616 F.3d at 418. Accordingly, this factor weighs in favor of setting aside the default.

### e. History of Dilatory Action

Nothing in the record indicates any previous history of dilatory action by Defendant Shrewsbury, and no party has asserted that there is a history of dilatory action.[1] Thus, the court finds that this factor weighs in favor of setting aside the default.

### f. Less Drastic Sanctions

Finally, the court briefly considers the availability of less drastic sanctions as an alternative to the entry of default. Though neither party has suggested alternative sanctions, less drastic sanctions are available. *See, e.g., Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987) (holding that when a party defaults, an award of fees and costs is an appropriate lesser sanction). The court finds, however, that less drastic sanctions—while available—are inappropriate in this case. Nonetheless, this factor weighs in favor of setting aside the default.

---

[1] The Court notes that Plaintiff's failure to respond to the instant motion contributes to the court's finding for Defendant Shrewsbury on this and other factors.

g. **Totality of Factors**

Although Defendant Shrewsbury has failed to set forth a meritorious defense in moving to set aside the entry of default, all the remaining *Payne* factors weigh in favor of setting aside the entry of default, particularly where the Plaintiff has failed to oppose the Motion. Even with conflicting considerations, "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson*, 411 F.2d at 130. Therefore, I find that good cause exists to vacate the entry of default in Defendant Shrewsbury's favor.

V. **Conclusion**

For the foregoing reasons, Defendant Shrewsbury's Motion to Set Aside Default [ECF No. 12] is **GRANTED**. The court **ORDERS** that the entry of default [ECF No. 10] against Defendant Shrewsbury be **SET ASIDE**.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: November 6, 2023

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE